**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**REBECCA D. KYLE,**

                **Plaintiff,**

**-vs-**                                                                 **Case No. 6:08-cv-203-Orl-19DAB**

**JASEN KOBOBEL, M.D.,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval,

> the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on July 28, 2008 with counsel for both parties appearing by phone.

Based on the representations of counsel, Plaintiff was employed by Defendants for one week from October 6 to 12, 2007 as a medical receptionist. The amount of Plaintiff's actual hours worked or "no show" was disputed by both sides, with Plaintiff seeking approximately $9.50 per hour for forty hours of unpaid wages, or $266.80 if calculated at the state escalated minimum wage rate of $6.67 per hour. Defendant contends that Plaintiff worked thirty-seven hours, and was a no-show for four hours on October 12, 2008. The settlement to Plaintiff of $533.60 in unpaid wages and liquidated damages represents the full principal amount Plaintiff sought.

The parties have agreed that Defendant will pay Plaintiff's attorneys $1,600 in attorney's fees and costs, which were actually $487.01. For the approximately $1,100 in fees at rate of $200 per hour, counsel would have spent at least 5.5 hours on the case; the amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $533.60 to Plaintiff for unpaid wages and liquidated damages, and $1,600 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy